### TIGER v. FEWELL et al.

No. 15252—Opinion Filed Feb. 17, 1925.

Rehearing Denied April 7, 1925.

**Indians — Allottees — Enrollment Records Final as to Freedman Status—Removal of Restrictions.**

Where one was by the Commission to the Five Civilized Tribes duly enrolled on the final rolls of the Creek Nation as a Creek freedman, the adjudication of such commission that he was a freedman fixed his status as such, and so far as his allotted lands are concerned he must be deemed to be not of Indian blood, and the restrictions upon the alienation of his allotted lands were removed by the Act of Congress approved April 21, 1904.

(Syllabus by Foster. C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Tulsa County; Albert C. Hunt, Judge.

Action by Joe H. Tiger against William M. Fewell et al., in ejectment and to quiet title to real estate. Judgment for defendants, and plaintiff appeals. Affirmed.

Neff & Neff, for plaintiff in error.

Mather M. Eakes, for defendants in error.

Opinion by FOSTER, C. In this case Joe H. Tiger, plaintiff in error brought an action in the district court of Tulsa county against the defendants in error, William M. Fewell, Sidney N. Smith, Edwin J. Peebles, J. W. Burgess, John R. Skinner, Laura B.

Wall, H. C. Rennie, A. E. Fountain, and C. F. Mainburg, to recover possession of and quiet his title to certain land constituting a part of his surplus allotment, received by him as a member of the Creek Tribe.

A demurrer was interposed by the defendants in error, to the amended petition of the plaintiff in error, which was sustained by the trial court. Exception was reserved by the plaintiff in error to the judgment of the court sustaining said demurrer and he appeals to have said judgment reviewed.

The only error assigned is that the trial court erred in sustaining said demurrer and in not overruling same.

In the trial court, the plaintiff in error was the plaintiff and the defendants in error were defendants and the parties will be designated herein as they were in the trial court.

The plaintiff alleged in an amended petition that he was a duly enrolled citizen of the Creek Nation. enrolled opposite roll number 4879 upon the freedman roll and that he had received in the year 1903, certain lands described therein as a part of his surplus allotment; that there appeared of record in the office of the county clerk of Tulsa county, a deed conveying said land from the plaintiff to defendants, William M. Fewell and Sidney N. Smith, dated April 22, 1904; that said deed was void, and of no force or effect for the reason that plaintiff at the time of the execution of said deed, was of Indian blood and that the restrictions upon the alienation of his land had not been removed on said date.

The petition concluded with a prayer for the cancellation of the deed, for the recovery of said land, and that plaintiff's title thereto be forever quieted in him. The one question presented is: "Was the surplus allotment of the plaintiff, a duly enrolled Creek freedman, restricted against alienation on April 22, 1904, because he was of part Indian blood?"

It is conceded that all allotted lands of Creek citizens of whatever race or degree of blood were restricted prior to April 21, 1904, by the terms of the Original and Supplemental Creek Agreements. Therefore, if the land in controversy was alienable on April 22, 1904, it was made so by the Act of Congress, effective April 21, 1904, which provided:

"All restrictions upon the alienation of lands of all allottees of either of the Five Civilized Tribes of Indians who are not of Indian blood. except minors, are, except as to homesteads, hereby removed."

The one important and controlling question for determination, then, is: "Was the plaintiff in error, Joe H. Tiger, an allottee of the Five Civilized Tribes, not of Indian blood, within the intent and meaning of the above quoted provision of the Act of Congress, April 21, 1904?"

It is contended that the enrollment of the plaintiff by the Dawes Commission as a Creek freedman was not a conclusive adjudication that he was not of Indian blood, and that since the plaintiff alleged in his petition that he was of Indian blood, the trial court should have overruled the demurrer and permitted the introduction of evidence in support of this allegation, and that if plaintiff succeeded in establishing at the trial that he was of Indian blood the conveyance executed by him would be void and he would be entitled to recover the land so conveyed.

It is also his theory that prior to the passage of the Acts of Congress approved April 26, 1906, 34 Statutes at Large, 137, and May 27, 1908, 35 Statutes at Large, 312. the final rolls of members of the Five Civilized Tribes were not conclusive of the blood of any enrolled Indian or freedman and the Act of Congress approved April 21, 1904, supra, did not remove the restrictions upon alienation of an allottee who possessed Indian blood.

It is sufficient to say that both propositions have been settled in the very recent case of Rowe v. Sartain et al., 107 Okla. 199, 230 Pac. 919, against the contention of the plaintiff.

In that case the court reviewed at length the various acts of Congress beginning with the act of March 3, 1893, 27 Statutes 645, pertaining to the formation of the Commission to the Five Civilized Tribes, the completion of final rolls of citizenship, and prescribing the procedure to be employed by such commission for a determination of the right of an applicant to appear on either the Creek or freedman rolls and held, quoting from the syllabus:

"The Commission to the Five Civilized Tribes was a quasi judicial tribunal, empowered to determine who should be enrolled as citizens and freedmen of those tribes. It was necessary for such commission to determine whether an applicant was entitled to enrollment as an Indian or a freedman, and its adjudication of this question and every issue of law and fact necessary to its determination is conclusive, and impervious to collateral attack. * * * Where one was by the Commission to the Five Civilized Tribes duly enrolled on the final rolls of the Creek Nation as a Creek freedman, the adjudication by such commission that she was a freedman fixed her status as such, and so far as her allotted lands are concerned, she must be deemed to be not of Indian blood, and the restrictions upon the alienation of her allotted lands were removed by the Act of Congress approved April 21, 1904."

The above case cites with approval the earlier case of Miller v. Allen, 104 Okla. 39, 229 Pac. 152 (opinion filed May 13, 1924), where the same rule is announced.

It may be observed here that a determination of the right of an applicant to appear on the freedman roll carried with it a determination that such person was not of Indian blood, and therefore if one were entered on the freedman roll it would appear that he was not an Indian. U. S. v. Stigall, 226 Fed. 190. Since such finding and determination is quasi judicial and comes properly within the scope of the judicial power originally conferred on the Commission to the Five Civilized Tribes, no subsequent legislation by Congress was necessary to enable the commission to make a final and conclusive adjudication upon all matters within the scope of the powers so conferred.

We, therefore, are of the opinion that the enrollment of the plaintiff by the Dawes Commission as a freedman was a conclusive adjudication that he was not of Indian blood.

It follows that the trial court committed no error in sustaining the demurrer interposed to the amended petition of the plaintiff. The judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note:—See under (1) 31 C. J. p. 490, p. 513 (sec. 79).